IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dion Orlando Taylor, | ) | |
| | ) | C.A. No. 0:10-2327-HMH-PJG |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Sgt. Michael Lang; Major Eichelberger; | ) | |
| Warden Levern Cohen; Lt. S. Lowery; | ) | |
| M. E. Montouth, Grievance Coordinator; | ) | |
| all in their individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Dion Orlando Taylor ("Taylor"), a state prisoner proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983, alleging numerous violations to his constitutional rights.  Defendants moved for summary judgment, and Magistrate Judge Gossett recommends granting Defendants' motion.  Taylor filed objections to the Report and Recommendation.  For the reasons explained below, the court adopts the Report and Recommendation and grants summary judgment in favor of Defendants.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

I. FACTUAL AND PROCEDURAL BACKGROUND

Taylor's claims arise following an altercation with Defendant Sgt. Michael Lang ("Lang"), a corrections officer at Ridgeland Correctional Institution. On the evening of June 11, 2010, Lang was monitoring inmates while they lined up to receive their medication from the prison nurse. (Compl. 3; Def. Mot. Summ. J. Ex. 3 (Lang Aff. ¶ 5).) Taylor alleges that when he reached the front of the line, he "express[ed his] displeasure" with the nurse's "unprofessionalism" because she had previously given him the wrong medication. (Compl. 3.) Lang instructed Taylor that disrespect to prison officials was not tolerated, and a verbal altercation ensued between Taylor and Lang. (Def. Mot. Summ. J. Ex. 3 (Lang Aff. ¶ 7).) Lang thereafter directed Taylor to accompany him to a holding cell in an adjacent building so he could further discuss the incident with Taylor. (Id. Ex. 3 (Lang Aff. ¶ 9).) According to Taylor, while proceeding to the holding cell, Lang commanded him to "stop, turn around [and] come back" toward Lang. (Compl. 3.) Taylor alleges that once he turned around, Lang sprayed him with chemical munitions, handcuffed him, and placed him in the holding cell for up to an hour without a shower. (Id.) Taylor complains that after he was allowed to shower, he was returned to the holding cell where he remained for three days without a mattress, blanket, or hygiene items. (Id.)

Lang alleges that Taylor exhibited loud and aggressive behavior throughout the incident. (Def. Mot. Summ. J. Ex. 3 (Lang Aff. ¶ 9).) Lang further avers that while walking to the holding cell, Taylor "stopped, clinched his fists, and turned towards" Lang. (Id. Ex. 3 (Lang Aff. ¶ 12).) Lang maintains that he felt threatened by Taylor's behavior and therefore discharged a "short burst" of chemical munitions towards Taylor's face. (Id. Ex. 3 (Lang Aff.

¶¶ 13-14).)  He then handcuffed Taylor and placed him in the holding cell.  (Id. Ex. 3 (Lang Aff. ¶ 15).)

Taylor commenced the instant § 1983 action on September 7, 2010, alleging numerous violations to his constitutional rights.  Defendants moved for summary judgment on each of Taylor's claims, contending that Taylor's constitutional rights were not violated, and therefore, Defendants were entitled to qualified immunity.  Magistrate Judge Gossett agreed and recommended granting Defendants' motion for summary judgment.  Lang filed objections to the Report and Recommendation on November 16, 2011.[2]

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.  See

---

[2] The magistrate judge issued her Report and Recommendation on October 11, 2011, and properly advised Taylor of his right to file specific written objections to the Report within fourteen days.  On October 28, 2011, Taylor moved to enlarge the period for filing objections.  This court granted Taylor's motion on November 1, 2011, affording him fifteen additional days to file objections.  The period for Lang to file objections to the Report and Recommendation therefore expired on November 16, 2011.  Having received no objections, this court entered an order adopting the magistrate judge's Report and Recommendation and granting summary judgment in favor of Defendants on November 22, 2011.  The clerk of court subsequently received objections from Taylor on November 23, 2011.  Taylor dated the objections November 16, 2011, but they were not postmarked until November 21, 2011.  Prison officials failed to indicate when Taylor's objections were received for forwarding.  Because Taylor's objections are subject to the timing rule enunciated in Houston v. Lack, 487 U.S. 266 (1988), the court construed them as timely and vacated its previously imposed order adopting the Report and Recommendation.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."  Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

### B.  Objections

Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Taylor's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  The court, however, was able to glean three specific objections, and it addresses each in turn.

### 1. Excessive Force

Taylor first objects to the magistrate judge's conclusion that Defendants are entitled to summary judgment on his excessive force claim, arguing that genuine disputes of material fact preclude entry of summary judgment. (Objections 1-10.) Whether there is an Eighth Amendment violation in the context of a prison disturbance turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010). The predominate focus is not on the extent of the injury but rather the nature of and justification for the inflicted force. Id. at 1179. In determining whether a prison official's actions were carried out "maliciously and sadistically," the court is guided by the following factors: (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force" used; (3) "the extent of injury inflicted"; and (4) "the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them." Whitley v. Albers, 475 U.S. 312, 321 (1986).

The Fourth Circuit has recognized that the "limited application of mace may be much more humane and effective than a flesh to flesh confrontation with an inmate." Williams v. Benjamin, 77 F.3d 756, 763 (4th Cir. 1996) (internal quotation marks omitted). Consequently, a prison official's use of chemical munitions on an inmate to prevent disorder generally does not infringe the Eighth Amendment's prohibition against cruel and unusual punishment as long as the quantity of chemical munitions is commensurate with the gravity of the occasion. Bailey v. Turner, 736 F.2d 963, 968 (4th Cir. 1984). Whether the use of chemical munitions on an inmate

constitutes excessive force depends upon "the totality of the circumstances, the provocation, the amount of gas used, and the purposes for which the gas was used." Id. at 969.

Viewing the facts in a light most favorable to Taylor, the court concludes that he is unable to demonstrate that Lang's application of force constitutes cruel and unusual punishment. Lang administered only a "short burst of chemical munitions" toward Taylor's face. (Def. Mot. Summ. J. Ex. 3 (Lang Aff. ¶ 14).) Although Taylor disputes using profane language or approaching Lang with clinched fists, he concedes that he engaged in verbal altercations with both the prison nurse and Lang. (Compl. 3.) Lang averred that he administered the chemical munitions because he felt threatened by Taylor's provocative conduct. (Def. Mot. Summ. J. Ex. 3 (Lang Aff. ¶ 13).) Given Taylor's unruly behavior and the fact that he was unrestrained while Lang escorted him to the holding cell, the court agrees with the magistrate judge's determination that no reasonable juror could find Lang's perception that Taylor was a threat to be unjustified. (Report & Recommendation 7-8.) It is well established that measures undertaken by prison officials to prevent disorder are "accorded wide-ranging deference," Whitley, 475 U.S. at 321, and consequently, courts must refrain from "critiqu[ing] in hindsight decisions necessarily made in haste, under pressure, and frequently without the luxury of second chance." Id. at 320. Viewing the record in a light most favorable to Taylor, the court concludes that he is unable to show that Lang's use of force was unconstitutionally excessive.

### 2. Defendant Montouth

Taylor next objects to the magistrate judge's conclusion that Defendant M. E. Montouth ("Montouth") was entitled to summary judgment on Taylor's claim that his grievances were returned unprocessed. (Objections 13-16.) As the magistrate judge explained, state prisoners

have no constitutional right to engage in a prison's established grievance proceedings. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Furthermore, to the extent Taylor is alleging a claim that he was denied access to the courts, his voluminous filings in numerous cases before this court make this contention implausible. Consequently, Defendants are entitled to summary judgment on this claim.

### 3. Defendant Cohen

Taylor finally contends that Defendant Warden Levern Cohen ("Cohen") is not entitled to summary judgment on his claim that Cohen was "grossly negligent" in supervising correctional officers at Ridgeland Correctional Institution. (Compl. 5; Objections 11-12.) The magistrate judge did not directly address this claim. Nevertheless, the court concludes that it is meritless. A claim basing liability on the doctrine of respondeat superior is not cognizable under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). Instead, defendants are liable under § 1983 only when they are personally involved in the deprivation of the plaintiff's rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Consequently, a supervisor may be held liable under § 1983 for the conduct of a subordinate if the plaintiff shows:

> (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or a tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted). To satisfy the first Shaw element, Taylor must demonstrate that the subordinate's "conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the

subordinate poses an unreasonable risk of harm of constitutional injury." Id.  Taylor has made no showing.  He merely notes that he was sprayed with chemical munitions in an unrelated incident on September 10, 2010.  (Objections 12.)  Taylor, moreover, fails to allege any previous circumstance in which Lang has used chemical munitions on an inmate.  Furthermore, the September 10, 2010 incident he relies upon in an attempt to establish Cohen's knowledge of subordinates' pervasive unconstitutional conduct occurred over three months after the altercation with Lang.  Based on the foregoing, Taylor has failed to show that Cohen was personally involved in any alleged constitutional violation, and therefore, the court grants Defendants summary judgment on this claim.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Gossett's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 27, is granted.  It is further

**ORDERED** that Taylor's pending motions, docket numbers 35, 40, and 51, are denied.

**IT IS SO ORDERED.**


                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
December 9, 2011

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.